UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                     Case No. 3:18-cr-303

                 Plaintiff,

     v.                                              MEMORANDUM OPINION
                                                          AND ORDER

Carlos Torres,

                 Defendant.

## I.     INTRODUCTION AND BACKGROUND

Defendant Carlos Torres, an inmate at Federal Medical Center Butner in Butner, North Carolina, seeks an order reducing his sentence to time served, providing for his immediate release from custody, and placing him on supervised release. (Doc. No. 63). Torres subsequently filed a motion to supplement his motion for compassionate release. (Doc. No. 67). The government filed a brief in response. (Doc. No. 70).

On June 13, 2018, Torres was indicted for possessing with the intent to distribute heroin, methamphetamine, and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (Doc. No. 10). He pled guilty and I subsequently sentenced him to 120 months in prison and a 5-year term of supervised release. Torres did not appeal.

On January 8, 2021, Torres filed a motion for the appointment of counsel to assist him with filing a motion for compassionate release. (Doc. No. 60). I granted the motion and appointed counsel pursuant to the Criminal Justice Act. (*See* Doc. No. 62).

In October 2018, doctors found a lump on one of Torres' lymph nodes. He was diagnosed with Stage IV metastatic throat cancer and received chemotherapy and radiation treatment. (Doc. No. 36 at 19-20). As a result of the cancer and attendant treatment, Torres lost the ability to eat and swallow solid foods and was placed on a feeding tube. While this course of treatment allowed Torres to achieve remission, his cancer has recurred. (Doc. No. 63 at 12-13). Torres has chosen not to undergo chemotherapy, radiation, or surgery. Doctors at FMC Butner and Duke University Medical Center, where he also has received treatment, have told Torres that the recurrence of his cancer will result in his death.

Torres now requests that his sentence be modified and that he be placed on supervised release. (*Id.* at 8-9). The government contends Torres' requested modification would not comply with the §3553(a) sentencing factors. (Doc. No. 70 at 3-7).

## II.   ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

Torres has complied with the exhaustion requirement, as more than 30 days passed between the date on which he submitted his administrative request and the date on which he filed his motion. (Doc. No. 70-1). The warden at FMC Butner recommended Torres be granted compassionate release because doctors had indicated his condition was terminal and his prognosis was 18 months or less. (Doc. No. 70-2). The BOP, apparently reviewing the same medical records as the warden,

2

rejected the recommendation, determining Torres' condition was not terminal because he potentially could again achieve remission if he chose to pursue surgery and chemotherapy. (Doc. No. 63 at 10-11).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020).

There is no dispute that Torres' cancer has returned and that, without surgery and chemotherapy, Torres' health will continue to deteriorate, and he will die. While there is some disagreement as to the risk of paralysis the surgery might pose, Torres has decided that, beyond that risk, "the horrible sickness and the excruciating pain of chemotherapy radiation to the neck and head is not a fight that [he] wants to endure." (Doc. No. 63 at 6-7).

The government's concerns that the sentence imposed reflect the seriousness of, and provide just punishment for, Torres' offense are valid, and I acknowledge the government's arguments that defendants with Torres' history of criminal offenses (particularly while on probation) typically have a high likelihood of recidivating. (Doc. No. 70 at 4-6). In this instance, however, I am not persuaded that what is true generally also is true specifically. Torres asserts he is focused on "making the most out of the time [he] has left with his family and friends, rather than gaining status or wealth illegally." (Doc. No. 63 at 8).

Moreover, while I "was aware of and considered Torres' physical condition at the time of sentencing," (Doc. No. 70 at 6), his physical condition was not the same then as it is now. His

cancer, once in remission, has returned. According to his doctors at FMC Butner, given Torres' decision to decline treatment, the cancer will result in his death in 18 months or less.

I conclude Torres' terminal cancer diagnosis constitutes an extraordinary and compelling reason justifying compassionate release and that, given this diagnosis, a modified sentence of time served with the remainder of the original sentence to be served as a term of supervised release is sufficient but not greater than necessary to serve the purposes of § 3553(a). *United States v. White*, No. 3:17-cr-00104-2, 2021 WL 268719, at *8 (M.D. Tenn. Jan. 27, 2021) (quoting *United States v. Kincaid*, 805 F. App'x 394, 396 (6th Cir. 2020)).

### III.  CONCLUSION

For these reasons, I grant Torres' motion to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 63). I reduce his sentence to time served and impose a term of supervised release equal to the remainder of his original sentence and subject to the mandatory, standard, and special conditions set forth in the December 20, 2019 judgment entry. (Doc. No. 44 at 3-6). Violation of these terms may be grounds for the revocation of release.

Further, Torres shall self-quarantine within his home for the first 14 days immediately following his release.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge